**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EFREN MORALES, | No. 15-71594 |
| Petitioner, | Agency No. A072-541-439 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Efren Morales, a native and citizen of Guatemala, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing Morales's appeal from

an immigration judge's decision denying Morales's application for asylum,

withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

Morales failed to establish he was or would be persecuted on account of a protected ground.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (membership in the Guatemalan military is neither a cognizable social group nor sufficient to show an imputed political opinion).  Substantial evidence supports

---

[1] Morales waives any argument for cancellation of removal under 8 U.S.C. § 1229b(b) or special rule cancellation of removal under the Nicaraguan and Central American Relief Act (NACARA), Pub. L. No. 105-100, Title II: 111 Stat. 2160, 2193-201 (Nov. 19, 1997).  *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

15-71594

the BIA's finding that Morales's fear of future persecution on account of his military service was too speculative to support asylum or withholding of removal, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003), and to the extent Morales fears punishment for desertion, that would not "constitute persecution on account of a protected ground." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005). Thus, Morales's asylum and withholding of removal claims fail. *Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Morales failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (denying CAT relief where possibility of torture was too speculative).

**PETITION FOR REVIEW DENIED.**